**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Ste 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA BURTON, | ) Case No. 3:17-cv-07172-WHA |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR** |
| -vs- | ) |
| | ) 1. Violation of Rosenthal Fair Debt |
| RASH CURTIS & ASSOCIATES; | )    Collection Practices Act |
| CREDIT BUREAU OF UKIAH, INC.; | ) 2. Violation of Fair Debt Collection |
| DOES 1-10 inclusive, | )    Practices Act |
| | ) 3. Violation of Telephone |
| Defendant. | )    Consumer Protection Act. |
| | ) |
| | ) **Jury Trial Demanded** |

## I. INTRODUCTION

1.     This is an action for damages brought by Plaintiff DONNA BURTON for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's

violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II. PARTIES

2.     Plaintiff, DONNA BURTON ("Plaintiff"), is a natural person residing in Mendocino County in the state of California, a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h), and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Furthermore, Plaintiff is a natural person and a "person" as defined by 47 U.S.C. § 153(39).

3.     At all times relevant herein, Defendants, RASH CURTIS & ASSOCIATES and CREDIT BUREAU OF UKIAH, INC.   (hereinafter and collectively, "Defendant"), were a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by the RFDCPA, Cal. Civ. Code § 1788.2(f), and as a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).   Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(c) and the FDCPA, 15 U.S.C. § 1692a(6).   Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227, and Defendant is a "person" as defined by 47 U.S.C § 153(39).

4.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other

Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt supposedly stemming from a doctor visit in or around 2015.

7.     Plaintiff was not aware of the status of the alleged debt until Plaintiff began received a barrage of calls from Defendant. Plaintiff is informed and believes that it was a result of Defendant's

8.     During and around the month of March of 2017, Defendant called Plaintiff innumerable times in connection with collection on this alleged debt. Defendant was relentless. Defendant called Plaintiff every day during the period of a few weeks approximately four to five times per day. Defendant would call Plaintiff on Plaintiff's home line, ████8633, Plaintiff's business line, ████4826, as well as Plaintiff's cellular telephone, ████2164. For example, on March 12, 2017, on a Saturday day, Defendant called Plaintiff three times within the span of less than ten minutes on her home phone number and then did the same spamming of phone calls against but to Plaintiff's cellular telephone number.

9.     Defendant would call one of Plaintiff's telephone lines and then turn around and a moment later call another of Plaintiff's telephone lines.

10.     Defendant even called Plaintiff at home on Saturdays and while she was at work.

11.     Defendant's consistent pattern of cycling through Plaintiff's telephone numbers at a harassing and consistent rate are evidence that these calls were made using an automated system. Furthermore, such a pattern and practice evidences that Defendant made these calls and had this system in place purely with the intent to

harass, oppress, and abuse Plaintiff into making payments to Defendant on the alleged debt. This intent is further evidenced by the fact that Defendant would not stop, despite being told to stop multiple times, until Plaintiff finally submitted to Plaintiff's abuse and made payments.

12.   Furthermore, Defendant left Plaintiff with multiple voicemails. In these voicemails, Defendant would often identify itself using an artificial or robotic voice as a representative of Defendant calling in an attempt to collect a debt. .  In these messages, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

13.   Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1),* to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed. This is evidenced both by the volume and frequency of calls to Plaintiff's telephone lines as well as Defendant's consistent pattern of using an "artificial or prerecorded voice" when calling Plaintiff.

14.   Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

15.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

16.   Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff.

17.   As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about August 18, 2016. Defendant has failed to respond to that letter at this time.

18.   Plaintiff never gave her phone number to Defendant for any purpose whatsoever. Furthermore, any consent that Defendant had to call Plaintiff was revoked both orally and in Plaintiff's notice of representation. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using

an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

19. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C.  §1692d, and §1692d(5).

20. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

    a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

    b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

    c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

    d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)); and

    e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d)).

15. Defendant's conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

16.     As a result of the above violations of the RFDCPA, FDCPA, and TCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

17.     Plaintiff reincorporates by reference all of the preceding paragraphs.

18.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

19.     Plaintiff reincorporates by reference all of the preceding paragraphs.

20.     To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff reincorporates by reference all of the preceding paragraphs.

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

23.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq*., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

25.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

26.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B.  As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

27. Plaintiff reserves his right under Article 1, Section 16 of the Constitution of the State of California to a trial by jury on all issues so triable and hereby demands as much.

Respectfully submitted this 9th day of January, 2018.

By:   _s/ Todd M. Friedman
       Todd M. Friedman, Esq.
       Law Offices of Todd M. Friedman, P.C.
       Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

Filed electronically on this 9th day of January, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this 9th day of January, 2018, to:

Mark E. Lowary
David r. Casady
Amanda N. Griffith
Berman Berman Berman
Schneider & Lowary LLP
2390 Professional Drive
Roseville, CA 95661
angriffith@b3law.com

s/Todd M. Friedman
Todd M. Friedman, Esq